Exhibit 1



**CORPORATION SERVICE COMPANY**®

null / ALL
**Transmittal Number: 13665569**
Date Processed: 04/09/2015

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Service Process Team 1-30-403<br>Nationwide Insurance<br>One Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided to:** | Rebecca Lewis<br>Kevin Jones<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Nationwide Property And Casualty Insurance Company<br>Entity ID Number  3286574 |
| **Entity Served:** | Nationwide Property & Casualty Insurance Company |
| **Title of Action:** | Gregg Schellhammer vs. Nationwide Property & Casualty Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Tarrant County County Court, Texas |
| **Case/Reference No:** | 2015-001444-2 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/08/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Michael K. Russell<br>214-778-7918 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**CAUSE NO:** **2015-001444-2**                                        **ORIGINAL CITATION**

## ORIGINAL PETITION

## THE STATE OF TEXAS

**TO:**  Nationwide Property & Casualty Insurance Company
b/s Corporate Service Company Registered Agent
211 E 7th St                                    DELIVERED THIS ___ DAY OF _____ 20__
STE 620                                         APR 0 8 2015
Austin TX 78701-3218                            CARLOS B. LOPEZ
**Defendant** in the hereinafter styled and numbered cause.   CONSTABLE, PCT 5, TRAVIS COUNTY, TEXAS
                                                BY:
                                                         DEPUTY

You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service of this citation in the County Court at Law No. 2 of Tarrant County, Texas, at the Courthouse located at 100 WEST WEATHERFORD ST., Fort Worth, Texas 76196. The **Original Petition** was filed on **March 10, 2015**, and is numbered **2015-001444-2**. The case style is:

**Gregg Schellhammer**
**vs**
**Nationwide Property & Casualty Insurance Company**

A true copy of the above-described **Original Petition** accompanies and is made a part of this citation.

Plaintiff Attorney is:    Michael K Russell
9110 Scyene Road
Dallas Tx 75227
Phone: 214-778-7918              Bar No.17420700

---

**\*\*\* NOTICE TO DEFENDANT \*\*\***
**YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DOES NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.**

---

Issued under my hand and seal of this court on March 16, 2015 at Fort Worth, Texas, by Lissa Harrison, Clerk of the County Courts at Law court.

**MARY LOUISE GARCIA**, COUNTY CLERK
Tarrant County, Texas
County Court at Law No. 2
100 W. Weatherford St., Room 250
Fort Worth, Texas 76196-0401

By _____
Lissa Harrison, Deputy

## OFFICER/AUTHORIZED PERSON RETURN FOR CORPORATIONS

Received on the _____ day of _____, 20____ at _____ M., and executed the same in

_____ County of _____ (State) on the _____ day of _____

20____ at _____ M., by summoning _____ a corporation, by delivering to

_____ President, Vice-President, Registered Agent (circle one), in person, of

the said _____, defendant, a

true and correct copy of this citation, together with an attached copy of the **Plaintiff's Original Petition,** with the date of service marked

thereon.

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas

Total Service Fees: _____ Sheriff/Constable
(Authorized Person)

$_____ _____ County, Texas

By _____, Deputy
(If Applicable)

SUBSCRIBED AND SWORN TO BEFORE ME on the _____ day of _____, 20____, to
certify which witness my hand and official seal.

_____ Notary Public in and for _____

County, _____ (State). My Commission expires _____

---

## ORIGINAL CITATION

CAUSE NO: <u>2015-001444-2</u>

Gregg Schellhammer

vs.

Nationwide Property & Casualty Insurance Company
b/s Corporate Service Company Registered Agent
211 E 7th St
STE 620
Austin TX 78701-3218

---

ISSUED THIS March 16, 2015
By: Lissa Harrison

Agency: ATTORNEY

County Court at Law No. 2
100 W. Weatherford St., Room 250
Fort Worth, Tarrant County, Texas 76196-0401

E-FILED
TARRANT COUNTY, TEXAS
3/10/2015 2:09:29 PM
MARY LOUISE GARCIA
COUNTY CLERK
BY: E.V. S.

2015-001444-2

CAUSE NO. _____

| | | |
|---|---|---|
| GREGG SCHELLHAMMER, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| NATIONWIDE PROPERTY & | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes, GREGG SCHELLHAMMER, hereinafter referred to as Plaintiff, and file this his Original Petition, complaining of, NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY hereinafter referred to as Defendant and for cause of action would respectfully show the Court as follows:

### I. PARTIES

1.1     Plaintiff, GREGG SCHELLHAMMER, is an individual residing in Tarrant County, Texas.

1.2     Defendant, NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY is registered as a Texas Corporation. Defendant's principal place of business is **One West Nationwide Blvd, Columbus, OH 43215.** Citation may be served on Defendant by serving its registered agent for service **Corporate Service Company,** at **211 E. 7th St. STE 620, Austin, TX 78701-3218.** Plaintiffs affirmatively plead that they seek only monetary relief aggregating

$100,000.00, or less, excluding costs, prejudgment interest and attorney's fees under Rule 47 of the *Texas Rules of Civil Procedure.*

## II.

2.1  Discovery will be governed by Level 11

## III. FACTS

3.1  Defendant issued a policy of commercial insurance naming Plaintiff as the insured and insuring the Plaintiff's business property, building and contents therein located at 1008 W. Pioneer Parkway, Arlington, TX 76013, against loss by certain perils, including vandalism, burglary and robbery, for a period beginning on **October 04, 2013** and ending on **October 04, 2014**. Pursuant to the terms of the policy, Plaintiff had insurance protection for loss resulting from vandalism, burglary or robbery, subject to a deductible of **$1,000**. The insurance policy, numbered as **ACP BPOK5515844468**, was at all times material to this action in full force and effect. At all times, Plaintiff was a consumer, protected by the provisions of the Texas Deceptive Trade Practices Act, that Plaintiff acquired from the Defendant, insurance coverage for his commercial business location.

3.2  On or about **June 07, 2014**, the Plaintiff sustained a loss to his business premises and contents insured by Defendant pursuant to the insurance contract issued by Defendant as a result of vandalism and burglary. The Plaintiff sustained losses over $500 but not over $100,000.

3.3  Under the terms of the policy in effect, Plaintiff is entitled to insurance benefits for the loss from the Defendants. Defendant has refused to honor its contractual obligation and has refused to pay the Plaintiff for the loss. Plaintiff is entitled to recover damages from Defendant for damages for its breach of the contract of insurance.

3.4     On **June 8, 2014** Plaintiff notified Defendant of the loss.  On June 10, 2014 Defendant contacted Plaintiff by telephone and interviewed the Plaintiff about the loss.  By August 4, 201, the Defendant made no further contact of any manner with the Plaintiff.  Plaintiff provided Defendant with documents supporting Plaintiff's loss for temporary and permanent repairs of his building, which had been vandalized, and documentation of the contents which had been stolen, all totaling approximately $11,400.00.

3.5     By **October 9, 2014**, the Defendant made no further contact with Plaintiff.  Plaintiff contacted Defendant, through the designated agent, servant or employee, and was told, verbally, that Plaintiff's claim was denied for lack of an alarm system.  On or about **October 12, 2014,** Defendant provided Plaintiff with a written denial of Plaintiff's claim for theft, for the reason that Plaintiff did not maintain a central alarm system.

3.6.    On **October 22, 2014,** Plaintiff's attorney made a written demand for payment of the claim, pursuant to the provisions of the Texas Insurance Code and Texas Deceptive Trade Practices Act, giving Defendant 60 days to resolve Plaintiff's claim.  Defendant did not respond in any way.

3.7     On **December 16, 2014,** counsel for Plaintiff called Defendant's designated agent, servant or employee and at Defendant's request, provided Defendant with the original commercial insurance policy which Nationwide had provided to Plaintiff through Scottsdale Insurance Company in August 2011- October 2012.  Plaintiff has received no further communication with Defendant.

## IV.

4.1     Plaintiff has given notice of loss to the Defendant and otherwise complied with all conditions precedent to Defendant's payment of benefits in accordance with the terms of the policy. In the alternative, Defendant has waived the performance by Plaintiff of any condition precedent.

Despite the fact that all conditions precedent to Plaintiff's recovery have been performed or have occurred, Defendant has failed and refused to pay Plaintiff in accordance with it contract obligation. Defendant has failed and refused to pay Plaintiff in accordance with it contract obligation. Defendant has failed to perform its obligations under the policy by not paying Plaintiff's claim; by not paying Plaintiff's claim in a timely manner; by not adjusting Plaintiff's claim in a timely manner; and by not properly adjusting Plaintiff's claim. Furthermore, on **October 06, 2014**, Defendant unjustifiable denied liability under the policy for vandalism, reimbursement of repairs and losses. As a result, Plaintiff was compelled to institute litigation.

## V.

5.1     From **June 07, 2014**, the date of loss, until the date to present, Defendant has failed and refused payment of Plaintiff's claim after the Defendant received from Plaintiff all requested items, statements and forms required by Defendant. Plaintiff had no choice but to hire an attorney to enforce Plaintiff's rights under the policy and incur attorney's fees to collect his claim against Defendant.

## VI.

6.1     After Defendant received notice of the Plaintiff's losses clearly covered by the contract of insurance, as set out in the preceding paragraphs of this Petition, the Defendant engaged in several unfair settlement practices, as enumerated and defined as unfair or deceptive in §541.060(a) of the *Texas Insurance Code* and §17.46(b) of the *Texas Business and Commerce Code*, including but not limited to the following:

1. Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim once the Defendant's liability became reasonable and clear. §541.060(a)(2)(A) of the *Texas Insurance Code*

2. Failing to provide promptly a reasonable explanation of the Defendant's basis for its denial of the Plaintiff's claim. §541.060(a)(3) of the *Texas Insurance Code*

3. Failing to affirm or deny coverage within a reasonable time §541.060 (a)(4)(A) of the *Texas Insurance Code*

4. Refusing to pay a claim without conducting a reasonable investigation §541.060(a)(7) of the *Texas Insurance Code*

5. Denying Plaintiff's claim without a reasonable basis to do so.

6.2    The Plaintiffs will show that these acts and omissions on Defendant's part were committed knowingly, that is with an actual awareness of the falsity, unfairness or deception of the conduct described. Consequently, the Plaintiff requests that the trier of fact award the Plaintiff additional damages up to three times the sum of actual damages suffered.

## VII.

7.1    From the time the Plaintiff's claim was presented to the Defendant, the Defendant's liability to pay the claim in accordance with the terms of the insurance policy attached as Exhibit A was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment of the Plaintiff's claim, the Defendant refused to accept the claim and pay the Plaintiffs as the policy required, but instead, denied coverage altogether and refused to pay any par of Plaintiff's claim.

7.2. The Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. The Plaintiff will show that the Defendant failed to conduct a reasonable, proper investigation of the claim and refused to rely on true facts, resorting instead to producing faulty, incomplete and biased reasons as subterfuges to avoid paying a valid claim.

7.3 Consequently, the Defendant breached its duty to deal fairly and in good faith with the Plaintiff. The Defendant's breach was a proximate cause of the losses, expenses and damages suffered by the Plaintiff as more specifically described below.

7.4 The breach of the duty by the Defendant was aggravated by the kind of malice, fraud or gross negligence for which the law allows the imposition of exemplary damages. The Defendant's conduct was specifically intended to cause substantial injury to the Plaintiff, the Defendant's conduct involved an extreme degree of risk of potential harm to the Plaintiff and, despite the Defendant's being actually and subjectively aware of the risk involved, the Defendant proceeded with conscious indifference to the rights, safety and welfare of the Plaintiff. The Defendant's conduct included the making of material representations that were false and either known by the Defendant to be false, or made as a positive assertion with reckless disregard for the truth. The Defendant intended that the representation would be relied upon by the Plaintiff. Plaintiff, therefore, seek, exemplary damages in an amount to be assessed by the trier of fact.

## VIII.

8.1   On **August 04, 2014** and in subsequent letters, the Plaintiff notified the Defendant of all the facts relating to the Plaintiff's claim under the policy of insurance as detailed above. Thereafter, the Defendant failed to commence a proper investigation of the claim, failed to request any supporting documents or other forms from the Plaintiff, or failed to process any such documents or forms supplied by the Plaintiff, in a timely manner as required by Article §542.055, of the *Texas Insurance Code*.

## IX.

9.1   The Defendant's conduct in the handling of this claim was the producing and proximate cause of harm to the Plaintiff in the following respects:

1.   The Plaintiff lost the benefits and protections afforded by the policy of insurance purchased from the Defendant.

2.   The Plaintiff has suffered severe mental anguish stemming from the Defendant's intentional and knowing misconduct as described above.

3.   The Plaintiff was left with no choice but to exhaust his credit to repair his office at interest rate charges which he would not have otherwise had to incur but for the Defendant's failure, refusal and denial of payment of their rightful claim.

## X.

10.1    As a result of the actions of the Defendant, Plaintiff is entitled to recover from Defendant a reasonable sum for the necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals, and the Supreme Court of Texas.

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial of this cause, Plaintiffs recover from Defendant the following:

1.    Contract damages as benefits payable under the insurance policy made the basis of this suit, together with interest at the interest rate allowed by law from **June 07, 2014** until date of judgement.

2.    The statutory penalty in the amount of 18% per annum and attorneys fees for Defendant's failure to comply with the prompt payment provisions of Article §542.060, of the *Texas Insurance Code*.

3.    Actual damages, including mental anguish and distress, for the harm suffered by Plaintiff as described in this Petition and as a sum as found by the trier of fact within the jurisdictional limits of the Court.

4.    Exemplary damages or enhanced damages as found by the trier of fact.

5.    Statutory penalties as provided by the Texas Deceptive Trade Practices Act and the Texas Insurance Code.

6.    Attorney's fees as provided by statute.

7.    Prejudgment interest and post judgment interest as provided by law.

8.    Costs of suit.

9.    Such other and further relief to which the Plaintiffs may be justly entitled, general or

special, in law or in equity.


Respectfully Submitted,


Michael K. Russell
State Bar No. 17420700
9110 Scyene Road
Dallas, Texas 75227
(214) 778-7918-Telephone
(214) 828-2104-Facsimile
Mikekrussell@gmail.com—Email
**ATTORNEY FOR PLAINTIFF**